CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 21 2007

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLEN THOMAS JONES, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00062 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHN LOMOSS, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Allen Thomas Jones, a pre-trial detainee proceeding pro se, has filed a letter which was docketed as a complaint pursuant to 42 U.S.C. § 1983. However, because Jones raises claims which could be construed as claims of ineffective assistance of counsel and violation of his right to a speedy trial, his claims are more appropriately addressed as a petition for habeas corpus relief. Since Jones is a pre-trial detainee, this court will construe his as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court finds that Jones has failed to exhaust his available state court remedies and therefore dismisses his petition without prejudice.[2]

I.

Jones has been incarcerated since June 23, 2005 and currently has a criminal case pending in the Circuit Court of Tazewell County. In his letter, Jones makes the conclusory assertion that his "fast and speedy trial rights were violated in November 2006." He also states that he disagrees with his attorney's decision to request a motion for psychological evaluation before his legal proceedings.[3]

---

[1] The court notes that the named defendant, John LoMoss, is not a proper defendant in a habeas proceeding, however, the court will not grant Jones leave to amend his petition because, even with a proper defendant, his claim would be dismissed for the reasons stated.

[2] Furthermore, it is not clear that Jones intended to file an action in this court. Rather, it appears that he may have only intended his correspondence be construed as a letter to this court. However, because this current case is dismissed without prejudice, it will not affect his ability to file another habeas action after he has exhausted his state court remedies.

[3] Jones states that he wishes to bring a civil malpractice action against his attorney John LoMoss based on this decision. Jones wrote to this court previously with this claim to which the court responded by letter advising him that he must pursue his claim in state court. Jones states that thereafter, he wrote to the Circuit Court for Tazewell County requesting such an action. A month has passed since his letter to the Tazewell court and Jones is

Jones indicates that he has filed a state habeas action in the Circuit Court of Tazewell County and that he is currently appealing the denial of his petition to the Virginia Court of Appeals.

## II.

Exhaustion of all available state remedies is required before a writ of habeas corpus may be granted by a federal court. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); U.S. v. Bailey, 1993 WL 359485 (4th Cir. 1993). Jones concedes that his state habeas claims are still pending in the Virginia Court of Appeals. Accordingly, the court dismisses Jones petition for failure to exhaust state court remedies.

## III.

For the reasons stated, the court dismisses Jones' § 2241 petition without prejudice.

The clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: This 21st day of February, 2007.

_____
United States District Judge

---

now asking this court to "encourage" the Tazewell court to respond to his request. The court notes that it will not interfere in state court matters under these circumstances.